1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11   GOODRICH & PENNINGTON        )    Civil No. 05-CV-636-L(POR)
     MORTGAGE FUND, INC.,          )
12                                 )
                  Plaintiff,       )    **ORDER GRANTING MOTION TO**
13                                 )    **DISMISS FIRST AMENDED**
     v.                            )    **COMPLAINT [doc. #47]**
14                                 )
     CHASE MANHATTAN MORTGAGE      )
15   CORPORATION,                  )
                                   )
16                Defendant.       )
                                   )
17   _____ )

18        Defendant Chase Manhattan Mortgage Corporation ("Chase") moves to dismiss plaintiff

19   Goodrich & Pennington Mortgage Fund, Inc's ("G&P") first amended complaint ("FAC").

20   Plaintiff opposes the motion. The Court finds this matter suitable for determination on the

21   papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having

22   fully considered the matters presented, the Court enters the following decision.

23                            **Legal Standard**

24        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency

25   of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim

26   under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove

27   no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355

28   U.S. 41, 45-46 (1957); *Navarro*, 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6)

1    when the complaint lacks a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*,

2    749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule

3    12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

4    Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails

5    to plead essential facts under that theory.  *Robertson*, 749 F.2d at 534.

6         In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of

7    all factual allegations and must construe them in the light most favorable to the nonmoving

8    party.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80

9    F.3d 336, 337-38 (9th Cir. 1996).  But legal conclusions need not be taken as true merely

10   because they are cast in the form of factual allegations.  *Roberts v. Corrothers*, 812 F.2d 1173,

11   1177 (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  When

12   ruling on a motion to dismiss, the court may consider the facts alleged in the complaint,

13   documents attached to the complaint, documents incorporated by reference in the complaint, and

14   matters of which the Court takes judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th

15   Cir. 2003);  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

16                                    **Background**

17        Plaintiff G&P was an originator of home mortgage loans.  Under a Corporate Finance

18   Program, Advanta Mortgage Corportation USA ("Advanta")[1] purchased mortgage loans from

19   originators like G&P and securitized them by placing them into large pools and selling interest

20   in the pools to investors as mortgage-backed securities.  The Corporate Finance Program was

21   memorialized in a series of agreements between Advanta and G&P.  Advanta pledged as

22   collateral the cash flow to certain assets known as "residual interests" to secure Advanta's

23   contractual obligations to G&P.  *Id.* at ¶ 8(e).

24        On February 28, 2001, Chase purchased certain assets from Advanta, including the

25   residual interests in which G&P claims an interest.  Chase did not, however, assume Advanta's

26   obligations under any agreements between Advanta and G&P.  *Id.*, Exh. F.  But G&P contends

27

28         [1]         Advanta is not a named party to this action.

                                          2

1   that without its knowledge or consent, Advanta and Chase wrongfully executed an "Agreement

2   Regarding Corporate Finance Program" as part of the sale of Advanta's assets to defendant, and

3   as a result, is liable to G&P.  The agreements between Advanta and Chase are found in two

4   written contracts dated January 8, 2001 and February 28, 2001.

5          On February 28, 2005, G&P filed a Verified Complaint in the Superior Court for the

6   County of San Diego, California contending that Chase has asserted control over G&P's interest

7   from the subject loans contrary to G&P's possessory interest.  Chase timely removed the action

8   to the federal court on March 30, 2005.

9          Defendant moved to dismiss plaintiff's breach of contract and conversion claims which

10  the Court granted finding that there was no contract between G&P and Chase.  The Court

11  granted plaintiff leave to file an amended complaint.  Plaintiff filed a FAC to which defendant

12  filed the present motion to dismiss the complaint in its entirety.  The FAC asserts five causes of

13  action: declaratory relief; breach of contract to third-party beneficiary; breach of an implied-in-

14  fact contract; negligent impairment of collateral; and accounting.

15                                        **Discussion**

16  **1.      Third-Party Beneficiary**

17         Plaintiff G&P contends that it is a third-party beneficiary to the Advanta/Chase

18  Agreements.[2]  A third party to a contract, who is an express beneficiary to that contract, has

19  standing to enforce the contract.  Cal. Civ. Code § 1559.  But "[a]n intent to make the obligation

20  inure to the benefit of the third party must have been clearly manifested by the contracting

21  parties."  *Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal. App. 4th 949, 957-58 (2005).

22  Moreover, the party claiming status as a third-party beneficiary has the burden of proving that

23  the "contracting parties actually promised the performance which the third party beneficiary

24  seeks."  *Whiteside v. Tenet Healthcare Corp.*, 101 Cal. App. 4th 693, 708 (2002)

25         To assert a claim as a third-party beneficiary, "a plaintiff must plead a contract which was

26  made expressly for his benefit and one in which it clearly appears that he was a beneficiary . . . .

27  _____

28         [2]     In its earlier Order, the Court found that there is no contractual relationship
    between Chase and plaintiff G&P.

1    The fortuitous fact that he may have suffered detriment by reason of the nonperformance of the

2    contract does not give him a cause of action" *Luis v. Orcutt Town Water Co.,* 204 Cal. App.2d

3    433, 441-442 (1962); *see also, Garcia v. Truck Ins. Exchange,* 36 Cal.3d 426, 436 (1984)(A

4    third party beneficiary must show, as a matter of contract interpretation, that the contracting

5    parties actually intended to promise the performance which the third party beneficiary seeks.).

6         Plaintiff alleges in a conclusory manner that it is a third-party beneficiary under the

7    contracts January 8, 2001 Purchase and Sale Agreement or the February 28, 2001 Agreement

8    Regarding Corporate Finance Program (collectively "Chase/Advanta Agreements").  But as

9    defendant correctly notes, no such intent appears from the terms of the Chase/Advanta

10   Agreements: "In sum, the express intent to the contracts was to facilitate the sale of Advanta's

11   assets and establish Chase as the servicer of mortgages under the Corporate Finance Program

12   with no assumed obligations to the mortgage originators, not to create contractual obligations

13   running from Chase to G&P."  (Reply Memorandum at 9, fn 5).

14        Plaintiff's FAC fails to allege facts that show it is an intended third-party beneficiary

15   under the Chase/Advanta Agreements and accordingly, the Court must dismiss plaintiff's second

16   cause of action.

17        **2.      Breach of Implied Contract**

18        An implied contract is one whose existence and terms are manifested by conduct. (Civ.

19   Code, § 1621)  It arises from "mutual agreement and intent to promise where the agreement and

20   promise have not been expressed in words." *Silva v. Providence Hospital of Oakland* 14 Cal.2d

21   762, 773 (1939).  A plaintiff seeking to state a cause of action for breach of an implied contract

22   must allege mutual assent and consideration.  *Division of Lab. Law Enforcement v. Transpacific

23   Trans. Co.*, 69 Cal. App. 3d 268, 275 (1977).  A complaint alleging a cause of action for breach

24   of implied contract must state the facts, such as a practice or course of conduct, from which the

25   promise is implied.  *California Emergency Physicians Medical Group v. PacifiCare of

26   California* 111 Cal.App.4th 1127, 1134 (2003).

27        Chase argues that the breach of an implied contract claim must be dismissed because

28   there is no contract between Chase and G&P based upon course of conduct.   Plaintiff contends,

1   however, that the "course of conduct between the parties, evidencing CHASE'S payment of

2   substantial sums to purchase the rights to fees for servicing G&P's loans and receipt of income

3   therefrom, and G&P's knowledge of CHASES'S assumption of loan servicing responsibilities

4   due to its receipt of interest statements, establishes each of the requisite elements of this

5   contract." (Opp. at 9).  Plaintiff's suggestion that the receipt of interest statements is sufficient to

6   show a course of conduct is without merit.  Moreover, there are no facts pleaded that show the

7   existence of consideration between Chase and plaintiff.

8        Plaintiff does not allege facts from which an unexpressed mutual agreement or intent to

9   promise may be implied. As currently alleged, the complaint is insufficient to state a cause of

10  action for breach of an implied-in-fact contract.

11        **3.    Negligent Impairment of Collateral**

12        The elements of a negligence cause of action are a duty, breach of that duty, proximate

13  cause, and damage.  *County of Santa Clara v. Atlantic Richfield Co.,* 137 Cal. App. 4th 292, 318

14  (2006)(*citing Artiglio v. Corning, Inc.*, 18 Cal. 4th 604, 641 (1998).  A contractual relationship

15  can give rise to a duty.  *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803 (1979).

16        Chase argues that plaintiff cannot state a negligent impairment of collateral cause of

17  action because there is no contractual relationship between plaintiff and Chase based on the

18  allegations contained in the FAC.  The Court concurs.  The Court previously found that there is

19  no direct contractual relationship between plaintiff and Chase.  Further, the Court has found that

20  plaintiff has not alleged a third-party beneficiary relationship or an implied-in-fact contract.

21  Accordingly, based on the allegations as presented in the FAC, Chase cannot owe a duty to

22  plaintiff under either of the Chase/Advanta Agreements and this cause of action must be

23  dismissed.

24        **4.    Declaratory Relief and Accounting**

25        Plaintiff's first cause of action alleges that Chase is subject to an arbitration clause found

26  in a G&P/Advanta Agreement.  "One of the threads running through federal arbitration

27  jurisprudence is the notion that 'arbitration is a matter of contract and a party cannot be required

28  to submit to arbitration any dispute which he has not agreed so to submit.'"  *Textile Unlimited,*

*Inc. v. A.BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001) (*quoting AT&T Techs., Inc. v. Communications Workers*, 475 U.S. 643, 648 (1986)).  Accordingly, although there is a strong and liberal federal policy to enforce arbitration agreements, "such agreements must not be so broadly construed as to encompass claims and parties that were not intended by the original contract." *Thomson-CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995). Because there is no contractual relationship between Chase and plaintiff founded upon an express contract, implied-in-fact contract or as a third-party beneficiary to a contract, Chase cannot be subject to an arbitration clause in an agreement between G&P and Advanta.

Plaintiff's fifth cause of action is for an accounting.  Because there is no contractual relationship between G&P and Chase alleged in the FAC, as discussed above, there is no obligation on Chases's part to perform an accounting.

### Conclusion

Based on the foregoing, **IT IS ORDERED** granting defendant's motion to dismiss plaintiff's first amended complaint. **IT IS FURTHER ORDERED** that should  plaintiff intend to amend the complaint in conformity with this Order, it shall do so within 10 days of the filing of this Order.  In the absence of a timely filed amended complaint, this case shall be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED:  February 5, 2007

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

6

05cv636

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05cv636